**United States Court of Appeals**
**FOR THE EIGHTH CIRCUIT**

_____

No. 96-2047

_____

| | |
|---|---|
| Little Rock School District, | * |
| | * |
| Plaintiff/Appellant, | * |
| | * |
| Lorena Joshua, | * |
| | * |
| Intervenor Plaintiff/ | * |
| Appellee, | *   Appeal from the United States |
| | *   District Court for the |
| Servicemaster Management Services, | *   Eastern District of Arkansas. |
| | * |
| Intervenor Below/Appellee, | * |
| | * |
| Anne Mitchell; Bob Moore; Pat Gee; | * |
| Pat Rayburn; Mary J. Gage; North Little | * |
| Rock Classroom Teachers Association; | * |
| Pulaski Association of Classroom | * |
| Teachers; Little Rock Classroom | * |
| Teachers Association; Alexa Armstrong; | * |
| Karlos Armstrong; Ed Bullington; | * |
| Khayyam Davis; Janice Dent; John | * |
| Harrison; Alvin Hudson; Tatia Hudson; | * |
| Milton Jackson; Leslie Joshua; Stacy | * |
| Joshua; Wayne Joshua; Katherine ; | * |
| Knight; Sara Matthews; Becky; | * |
| McKinney; Derrick Miles; Janice Miles; | * |
| John M. Miles; NAACP; Joyce Person; | * |
| Brian Taylor; Hilton Taylor; Parsha | * |

Taylor; Robert Willingham; Tonya        *
Willingham;                             *
                                        *
     Intervenor Plaintiffs/        *
     Appellees,                    *
                                        *
   v.                                    *
                                        *
North Little Rock School District; Leon  *
Barnes; Sheryl Dunn; Mac Faulkner;       *
Richard A. Giddings; Marianne Gosser;    *
Don Hindman; Shirley Lowery; Bob         *
Lyon; George A. McCrary; Bob Moore;      *
Steve Morley; Buddy Raines; David        *
Sain; Bob Stender; Dale Ward; John       *
Ward; Judy Wear; Grainger Williams;      *
Pulaski County Special School District;  *
State of Arkansas,                       *
                                        *
     Defendants/Appellees,         *
                                        *
Office of Desegregation Monitor,         *
                                        *
     Claimant/Appellee,            *
                                        *
Horace A. Walker; P.A. Hollingsworth;    *
Kenneth G. Torrence; Philip E. Kaplan;   *
Janet Pulliam; John Bilheimer,           *
                                        *
     Movant/Appellees.             *

     _____

Dale Charles; Robert L. Brown, Sr.;      *
Gwen Hevey Jackson; Diane Davis;         *
Raymond Frazier,                         *
                                        *

                    Plaintiffs/Appellees,          *
                                                    *
              v.                                    *
                                                    *
Pulaski County Board of Education;                  *
O. G. Jacovelli, Individually and as                *
President of the Board of Education of              *
the Little Rock School District; Patricia           *
Gee, Individually and in her Official               *
Capacity as a Member of the Board of                *
Education of the Little Rock School                 *
District, A Public Body; Dr. George                 *
Cannon, Individually and in his Official            *
Capacity as a Member of the Board of                *
Education of the Little Rock School                 *
District, A Public Body; John Moore,                *
Individually and in his Official Capacity           *
as a Member of the Board of Education               *
of the Little Rock School District, A               *
Public Body; Dorsey Jackson,                        *
Individually and in his Official Capacity           *
as a Member of the Board of Education               *
of the Little Rock School District, A               *
Public Body; Dr. Katherine Mitchell,                *
Individually and in her Official Capacity           *
as a Member of the Board of Education               *
of the Little Rock School District, A               *
Public Body; W. D. Hamilton,                        *
Individually and in his Official Capacity           *
as a Member of the Board of Education               *
of the Little Rock School District, A               *
Public Body; Cecil Bailey, Individually             *
and in his Official Capacity as a Member            *
of the Pulaski County Board of                      *
Education, A Public Corporate; Thomas               *
Broughton, Individually and in his                  *
Official Capacity as a Member of the                *

Pulaski County Board of Education, A    *
Public Corporate; Dr. Martin Zoldessy,   *
Individually and in his Official Capacity  *
as a Member of the Pulaski County     *
Board of Education, A Public Corporate, *
                                         *
        Defendants/Appellees.        *

——————

Submitted:  February 25, 1997

Filed:  December 15, 1997

——————

Before RICHARD S. ARNOLD, Chief Judge, HEANEY and WOLLMAN, Circuit
        Judges.

——————

WOLLMAN, Circuit Judge.

This appeal by the Little Rock School District (District) arises out of the school desegregation litigation discussed at length in <u>Little Rock School District v. Pulaski County Special School District</u>, 778 F.2d 404 (8th Cir. 1985) (en banc), <u>cert. denied</u>, 476 U.S. 1186 (1986).  The question presented is whether the District is entitled to have enforced that provision of the 1989 settlement agreement which calls for the dismissal of the case with prejudice.  We hold that it is, and we remand the case to the district court for the entry of an appropriate order.

**I.**

After long years of hard-fought litigation, the parties, including the State of Arkansas, entered into a comprehensive settlement agreement.  In <u>Little Rock School District v. Pulaski County Special School District</u>, 921 F.2d 1371, 1394 (8th Cir.1990), we held that "[o]n remand, the District Court is directed to approve the parties'

settlement agreement as written by them." In addition, we instructed the district court to "monitor closely the compliance of the parties with the settlement plans and the settlement agreement, to take whatever action is appropriate, in its discretion, to ensure compliance with the plans and the agreement, and otherwise to proceed as the law and the facts require." See id. On January 18, 1991, the district court approved the settlement agreement and dismissed the State as a party. A consent decree embodying the settlement agreement was entered on April 29, 1992. See Knight v. Pulaski County Special School District, 112 F.3d 953, 954 (8th Cir. 1997); Little Rock School District v. Pulaski County Special School District, 971 F.2d 160 (8th Cir. 1992).

The settlement agreement provided in part that

the litigation now pending in the United States District Court for the Eastern District of Arkansas, Western Division, entitled Little Rock School District vs. Pulaski County Special School District No. 1, et al, No. LR-C-82-866 and cases consolidated therein and their predecessors (including, but not limited to, Cooper v. Aaron, Norwood v. Tucker and Clark v. Board of Education of the Little Rock School District) (the "Litigation") is to be dismissed with prejudice as to the LRSD and the former and current members of its board named in the Litigation. This dismissal is final for all purposes except that the Court may retain jurisdiction to address issues regarding the implementation of the Plans.

The settlement agreement contained a similar provision calling for the dismissal of the litigation with respect to the Pulaski County Special School District and the North Little Rock School District. The settlement agreement also provided that there would be no further litigation among or between the desegregation plaintiffs and any of the school districts, "other than proceedings to enforce the terms of this settlement or the terms of the [desegregation] Plans."

On November 30, 1995, the District filed a motion asking that the desegregation case be dismissed in accordance with the terms of the settlement agreement. The district court denied the motion, stating that although the claims involved in the litigation had been dismissed as a technical matter, "no useful purpose would be served by entering an order of dismissal at this time." The district court referred to our instruction, quoted above, that it monitor closely the parties' compliance with the settlement agreement and that it take whatever action it deemed necessary to ensure such compliance.

The district court also noted that the District had frequently exhibited indifference or outright recalcitrance towards its commitments and had been slow to implement many aspects of its agreements. Accordingly, the district court found that entry of an order of dismissal should be deferred in order to ensure compliance with the desegregation plans and the settlement agreement. The district court concluded that even if the District had acted in good faith throughout the years, "the logistics and complexity of this case are such that this Court's monitoring function would be impaired by entering an order of dismissal at this time."

Although we can well understand the frustration the district court has experienced over the years in carrying out our instruction, we conclude that the District's motion should have been granted. As we held in our 1992 decision, the terms of the settlement agreement became the law of case. See Little Rock School District, 971 F.2d at 165. As the agreement specifically provides, the district court is permitted (and indeed must, in order to comply with our instructions), to retain jurisdiction to address issues regarding the implementation of the desegregation plans.[1] Moreover,

---

[1]As the District points out, the district court has continued to monitor and enforce the State's compliance with its obligations under the settlement agreement. See Little Rock School District v. Pulaski County Special School District, 83 F.3d 1013 (8th Cir. 1996).

the desegregation plaintiffs may bring proceedings to enforce the terms of the settlement agreement and the terms of the desegregation plans. In short, the entry of such an order would do nothing to relieve the three districts of their continuing obligation to honor their commitments as set forth in the settlement agreement and the plans. Any post-dismissal stance by the districts to the contrary, it should be made clear, would subject them to appropriate sanctions and the granting of remedial relief to those adversely affected by the districts' refusal to honor their desegregation commitments.

## II.

### The Servicemaster Contract[2]

Sometime in 1995, the District began negotiating an agreement with Servicemaster Management Services. During the negotiations, the Joshua intervenors moved to enjoin the District from entering into a contract with Servicemaster. In the absence of any ruling by the district court on the motion, the District entered into a contract with Servicemaster on September 20, 1995. The contract contained a clause that released the District from any claims that Servicemaster might ultimately have as a result of the Joshua intervenors' action for injunctive relief. On September 29, 1995, the Attorney General of Arkansas ruled that the agreement between the District and Servicemaster violated state law and was thus void. On December 4, 1995, the Joshua intervenors purported to accept a settlement offer made by the District with respect to the agreement. On December 11, 1995, the district court rejected the settlement agreement, finding that the pending litigation clause violated public policy. On March

---

[2]The motion of the Joshua intervenors to be heard as amicus curiae on this issue is granted. Servicemaster's motion to strike certain portions of the Joshua intervenors' brief is denied.

-7-

11, 1996, the district court entered an order denying the District's motion for reconsideration of its December 11, 1995, ruling.

On February 24, 1997, the District moved to dismiss its appeal from the district court's rejection of the settlement with Servicemaster, representing that the dispute between it and Servicemaster had been resolved. Counsel for Servicemaster informed us at oral argument that Servicemaster had no interest in the appeal in light of the settlement. Although the Joshua intervenors oppose dismissal, we see no reason to deny the motion. We note that the dismissal will be without prejudice to the Joshua intervenors' right to file an action in the district court with respect to any new contract that might be entered into between the District and Servicemaster.

## Conclusion

The order denying the motion to dismiss the underlying action in the desegregation action is reversed, and the case is remanded to the district court with directions to enter an order of dismissal with prejudice as provided in the settlement agreement, such order to be effective as of the date of its entry.

The appeal with respect to the Servicemaster contract is dismissed in accordance with the terms set forth above.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.